**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SUSAN RUSSELL for
GLENN EDWARD ROACH,                   Case No. 1:10-cv-746

       Plaintiff,                                   Barrett, J.
                                                         Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff Susan Russell ("Plaintiff") filed this Social Security Appeal on behalf of Glenn Edward Roach, as the administrator of his estate, in order to challenge the Defendant's conclusion that social security claimant Mr. Roach ("Claimant") was not disabled.[1] *See* 42 U.S.C. §405(g). On November 22, 2011, the undersigned filed a Report and Recommendation ("R&R") that recommended that the ALJ's finding of non-disability be reversed as not supported by substantial evidence in the administrative record. (Doc. 9). On December 15, 2011, that R&R was adopted by the presiding district judge. (Doc. 10).

On February 16, 2012, Plaintiff's counsel filed a motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 12). Defendant

---

[1] Ordinarily, the plaintiff and claimant are one and the same person. Because they are not in this case, the Court will differentiate between the female Plaintiff and the original male Claimant.

1

does not oppose an award of fees *per se*, but does oppose Plaintiff's claimed hourly rate based upon Plaintiff's failure to prove the reasonableness of an hourly rate in excess of the statutory rate of $125.00 per hour. Plaintiff filed a reply memorandum in support of Plaintiff's fee petition, attaching thereto additional evidence to support counsel's claimed hourly rate.

**II. Analysis**

The EAJA provides that:

> [A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the facts presented, Plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. Defendant does not claim that the Commissioner's prior litigation position was "substantially justified" or that "special circumstances" exist that would preclude an award of fees.

Plaintiff seeks a fee award that encompasses 39.1 hours of work at $174.00 per hour, plus costs of $350, for a total award of $7153.40. Plaintiff included with the initial motion for fees an itemized activity report for the hours counsel expended from initial file review on September 15, 2010, up to and including counsel's motion for fees, and an accounting of his costs.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of

$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

### A. Applicable Hourly Rate

Originally, the Defendant objected to the award of a fee based on a rate exceeding the statutory rate, on grounds that Plaintiff had failed to produce any evidence to support an increase as required under *Bryant* and as interpreted in this Court's recent review of similar fee petitions. *See generally Zellner v. Astrue*, 1:10-cv-812-SAS, 2012 WL 273937 *3 (S.D. Ohio Jan. 31, 2012)(holding that to justify a rate increase under *Bryant*, this Court now requires "affidavits from other members of the local bar in which they testify as to their years of experience, skill and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice"); *accord Blackburn v. Astrue*, 1:09-cv-943-MRB (S.D. Ohio, Doc. 24, R&R filed Feb. 24, 2012, adopted 3/14/12); *Bushor v. Astrue*, 1:09-cv-320-MRB (S.D. Ohio, Doc. 31, Order filed August 5, 2011). *See also generally Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011)(Judge Posner's analysis, citing *Bryant*, of $125 per hour rate as a "presumptive ceiling").

Citing the Seventh Circuit's analysis in *Matthews-Sheets*, Defendant also points out that because two local attorneys recently requested compensation at the statutory rate of $125 in social security cases filed in this Court, the instant Plaintiff could not show that "a

lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.*, 683 F.3d at 565. With all due respect to Judge Posner's analysis in *Matthews-Sheets*, no Court within the Sixth Circuit has required proof that no competent attorney exists in the Greater Cincinnati area to handle a plaintiff's case at the statutory rate, in order to prove entitlement to a rate increase. Proving a negative is always difficult, but proving the negative proposition as phrased by Defendant suggests a nearly impossibly high bar for recovery of an award in excess of the statutory rate. Reference to two social security attorneys in just two cases, absent any evidence that those cases were similar in difficulty or that the attorneys involved had equal reputations, skill sets, and experience, is not grounds for reduction of the claimed fee so long as Plaintiff has otherwise carried his or her burden to exceed the statutory rate.

In Plaintiff's reply memorandum, Plaintiff's counsel concedes that he initially failed to include affidavits establishing the reasonableness of the $174 hourly rate sought with his original motion, but he attaches four affidavits and a fee study excerpt from the Ohio State Bar Association in order to remedy that defect. Having examined the submitted materials, the Court agrees that Plaintiff has now carried the requisite burden under *Bryant* to show that counsel is entitled to the $174 hourly rate claimed in counsel's motion. Plaintiff's evidence shows that counsel's reputation is excellent, with 40 years of general litigation experience and 20 years of experience in the social security field. I find based upon the evidence submitted by Plaintiff that, based upon counsel's skill, reputation and experience, as well as the previously demonstrated rate of inflation, counsel's claimed rate of $174 per hour is more than reasonable and justified as an increase over the statutory rate.

### B. Number of Hours

In addition to challenging the claimed hourly rate, the Commissioner seeks a reduction of counsel's time "by at least 5 hours." (Doc. 14 at 5, n.2). The Commissioner complains that two of the itemized charges reflect time expended on technical difficulties with the CM/ECF system and the court's website, as opposed to legal work. In addition, the Commissioner argues that Plaintiff's expenditure of 19.6 hours on an 11 page statement of errors was excessive.

The Court will reduce the hours expended on ministerial filing tasks by total of 1/2 hour, but will not reduce the number of hours expended on drafting Plaintiff's statement of errors. The Court agrees with Plaintiff's representation that often "it is more time consuming to write a short brief than a long one," and concurs that "the additional hours were well spent" in this case. (Doc. 15 at 3).

### C. Payment

The last matter to be addressed concerns the issue of payment. Plaintiff's motion does not specify the intended recipient in the motion for a fee award. To the extent that Plaintiff might seek the payment of such an award directly to counsel, this Court could not honor such a request absent evidence of a valid assignment by Plaintiff of the award to counsel, such as a copy of a fee contract containing an assignment of EAJA fees, or an affidavit from Plaintiff supporting assignment.

Even if Plaintiff had included such evidence, the United States Supreme Court has clarified that any fees awarded to a prevailing party under EAJA belong to the litigant, not to the litigant's attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Thus, absent both confirmation that Plaintiff has assigned EAJA fees to counsel and that Plaintiff owes

no debt to the Government, any fee award must be made to the Plaintiff and not to counsel.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 12) be **GRANTED IN PART,** to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of **$7066.40**, reflecting 38.6 attorney hours reasonably expended multiplied by the hourly rate of $174.00, plus $350.00 in costs, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (2010). Alternatively, if the parties confirm both that Plaintiff: (1) has contractually assigned any fee award to his attorney; and (2) owes no debt to the Government, IT IS RECOMMENDED that the Commissioner pay the fee award to Plaintiff's counsel in accordance with any assignment agreement.

       /s Stephanie K. Bowman  
       Stephanie K. Bowman  
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SUSAN RUSSELL for
GLENN EDWARD ROACH,                          Case No. 1:10-cv-746

       Plaintiff,                                   Barrett, J.
                                                          Bowman, M.J.

      v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).